UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
97-CR-78 (JMR/JGL)
01-CV-1192 (JMR)

Close

| | | |
|---|---|---|
| United States of America | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| Eva Kay Singh | ) | |

Petitioner seeks relief under 28 U.S.C. § 2255 claiming: (1) defense counsel was ineffective in advocating on her behalf in failing to effectively cross-examine the government's witnesses, failing to adequately research, brief and litigate evidentiary issues, and failing to preserve and litigate issues pertaining to drug quantity; and (2) that the government failed to prove the quantity and type of illegal drugs ascribed to petitioner, in violation of the rule announced in Apprendi v. New Jersey, 530 U.S. 466, 120 S. Ct. 2348 (2000). Petitioner's claims fail.

Initially, the Court notes petitioner's failure to file her § 2255 petition within the one-year period established by statute. See 28 U.S.C. § 2255. Petitioner's judgment of conviction became final over two years ago. As a result, the petition is untimely.

While there is a split among the circuits as to when the one-year limitation period begins, here, the one-year period has expired regardless of which approach is used. Two appellate courts have found the limitation period begins when the court issues its mandate in the direct criminal appeal. See United States v. Torres, 211 F.3d 836, 839-41 (4th Cir. 2000); Gendron v. United

FILED NOV 30 2001
RICHARD D. SLETTEN, CLERK
JUDGEMENT ENTERED

States, 154 F.3d 672, 674 (7th Cir. 1998). More than two years have passed since the Eighth Circuit Court of Appeals issued its mandate affirming the judgment of this Court. The other appellate courts have held that, where no petition of certiorari has been filed, the judgment of conviction becomes final when the time for seeking certiorari review expires. See United States v. Gamble, 208 F.3d 536, 537 (5th Cir. 2000); United States v. Burch, 202 F.3d 1274, 1278 (10th Cir. 2000); Kapral v. United States, 166 F.3d 565, 570-71 (3d Cir. 1999). The ninety-day period for filing a petition for writ of certiorari expired February 16, 1999, more than two years before petitioner filed this motion. As a result, petitioner's habeas petition is time barred.

Petitioner cannot utilize § 2255's tolling provisions to extend the limitations period. She does not claim government action prevented her from pursuing her claims, see 28 U.S.C. § 2255(2), or the acquisition of previously unavailable evidence, see 28 U.S.C. § 2255(4).

The Eighth Circuit Court of Appeals has determined that the rule in Apprendi is not a "watershed" rule which is retroactively available on collateral review. United States v. Moss, 252 F.3d 993, 997 (8th Cir. 2001) (limiting the application of Apprendi to cases on direct review). As a result, the tolling provision of 28 U.S.C. § 2255(3) is also inapplicable to petitioner's motion. Even if she had raised the claim in a timely manner, she procedurally

defaulted the claim by failing to raise it on collateral review. See id. at 1001-03; Dukes v. United States, 255 F.3d 912 (8th Cir. 2001).

Petitioner's Apprendi claim also fails on the merits. Petitioner was sentenced to 180 months, within her guideline range and below the twenty year statutory maximum for § 841(b)(1)(C). Because her sentence falls below the statutory maximum, it does not implicate Apprendi. See United States v. Aguayo-Delgado, 220 F.3d 926, 933-34 (8th Cir. 2000).

An exception to the general rule barring waived claims exists if petitioner can show both cause and actual prejudice. See United States v. Frady, 456 U.S. 152, 168 (1982). Although her pleadings are somewhat opaque, she appears to claim ineffective assistance of counsel caused her failure to challenge the quantity determination. Even assuming, arguendo, that petitioner has demonstrated cause, she cannot show actual prejudice. The Court determined the drug quantity attributable to petitioner based on extensive trial testimony regarding her participation in the drug trafficking crime, and she offers nothing to cast doubt on that evidence.

A claim of ineffective assistance of counsel requires a showing that counsel's performance was so deficient that it prejudiced the petitioner. See Strickland v. Washington, 466 U.S. 668 (1984). Here, petitioner's claim of ineffective assistance fails because she cannot show any prejudice stemming from her

attorney's performance. See id. at 690 (stating that petitioner must show that "counsel was not functioning as 'council guaranteed' by the Constitution"). Under Strickland, this Court reviews counsel's performance under a deferential standard. See id. at 689; English v. United States, 998 F.2d 609, 613 (8th Cir. 1993). Petitioner does not allege any specific wrongdoing or identify the harm suffered as a result of counsel's error. She also fails to show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different." See Strickland, 466 U.S. at 694. She has failed to explain what errors were made by defense counsel to alter the course of her trial.

Beyond petitioner's failure to meet the Strickland standard, the Court notes that the undersigned tried this case. During the course of the trial, the Court observed the performance of petitioner's counsel. Based on this Court's direct observation, there is no way that counsel's representation was deficient. Counsel was in all regards a zealous and competent advocate who represented his client well.

The Court has also considered whether issuance of a Certificate of Appealability ("COA") is appropriate. See Tiedeman v. Benson, 122 F.3d 518 (8th Cir. 1997). In that context, the Court concludes that no issue raised is "debatable among reasonable jurists." Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994)

(citing Lozado v. Deeds, 498 U.S. 430, 432 (1991) (per curiam)). Petitioner has not, therefore, made the "substantial showing of the denial of a constitutional right" necessary for issuance of a COA. 28 U.S.C. § 2253(c)(2).

Accordingly, based on the files, records, and proceedings herein, IT IS ORDERED that:

1. Petitioner's motion for relief pursuant to 28 U.S.C. § 2255 is denied.

2. No Certificate of Appealability will be issued in this matter.

Dated: November 19th, 2001

JAMES M. ROSENBAUM
United States District Chief Judge